WARREN H. GRISWOLD, for the use of Alphonzo Whipple, plaintiff in error, *vs.* JOSEPH M'MILLAN, defendant in error.

### *Error to Du Page.*

If an action is brought in the name of the payee, upon a note given to a party who has been declared a bankrupt, under the law of Congress, of 1841, even though brought for the use of another, it will be defeated, if the note was given anterior to the filing of his petition for a discharge.

Upon an affidavit for a continuance of the cause, owing to the absence of the record of the proceedings in bankruptcy, it will be presumed that the record was sufficient, if the affidavit states that it was properly certified.

This was an action brought before a justice of the peace, upon a promissory note, given by the appellee to Griswold, or bearer, for $ 22 07, dated Lodi, February 4th, 1834. The appellant in this Court was defeated before the justice, and appealed to the Circuit Court of Du Page county. In the Circuit Court, a motion was made for a continuance of the cause, upon the ground that a transcript of the discharge of Griswold in bankruptcy, which had been allowed by the District Court of the United States for the western district of New York, had been lost. The affidavits stated that a certified copy of the proceedings had been obtained, &c. The appellant, plaintiff in the suit, admitted the affidavits, and went to trial. He did not offer any other evidence than the note, in support of his action. The Court, J. B. Thomas, Justice, presiding, dismissed the action, and gave the defendant a judgment for costs. The appellant in the Circuit Court appealed to this Court.

R. V. M. CROES, for appellant.

GLOVER & COOK, for appellee.

Opinion by Mr. Justice CATON:

The suit was brought by the payee, for the use of Whipple, against the maker of a promissory note, dated at Lodi, in 1834. Previous to the commencement of the trial, the defendant applied for a continuance, and in support of his motion filed two affidavits, stating, in substance, that he had a copy of a record, duly certified, from the District Court of the United States, for the western district of New York, from which it appeared, that under the bankrupt law of 1841, the plaintiff had filed his petition in bankruptcy, and was duly declared a bankrupt by that Court, and discharged from his debts. The absence of the record was accounted for, and in order to avoid a continuance, the plaintiff admitted the truth of the statements in the affidavits. The Circuit Court held that the facts thus admitted constituted a defence to the action, and we think properly. In the case of Talcott vs. Dudley, 4 Scam., 435, this Court said, "that by a decree of bankruptcy the assignee succeeded immediately to all the rights and interests of the bankrupt, to just the same extent that the bankrupt himself had them, subject to and affected by all the equities, liens and incumbrances existing against them in the hands of the bankrupt." And he not only succeeds to all his rights, but also to the legal title to those rights. By the operation of the bankrupt law, and of the decree, the assignee became vested with the legal title to this note as effectually as he could have been by an indorsement by the payee. But it was suggested upon the argument that this note may actually have been *bona fide* passed to Whipple, before the bankruptcy, and was neglected to be indorsed; but in the absence of proof, this suggestion is entitled to no more consideration than another, that the bankrupt may have forgotten to pass the note over to his assignee, or to schedule it, and is now trying to collect it for his own benefit. If Whipple had an equitable interest in the note, at the time of the bankruptcy, there is no doubt the law would protect that interest in some way; but in the absence of all proof, the presumption of law is, that the equitable interest is united with and follows the legal title; and there is nothing to destroy that legal presumption here.

There was a preliminary objection taken to the sufficiency of the affidavits, for the reason that they do not state that the certified copy was under the seal of the Court. The statement in

Farnsworth's affidavit is, that it was "properly certified to." That is sufficient. It could not have been properly certified, unless it contained every requisite to give it authenticity.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*